STARN ● O'TOOLE ● MARCUS & FISHER
A Law Corporation

TERENCE J. O'TOOLE       1209-0
LANE HORNFECK            7117-0
Suite 1900, Pacific Guardian Center
Makai Tower, 733 Bishop Street
Honolulu, Hawai`i 96813
Telephone: (808) 537-6100
Fax: (808) 537-5434

Attorneys for Petitioners STARN O'TOOLE MARCUS
& FISHER and PETER STARN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| STARN O'TOOLE MARCUS & FISHER and PETER STARN,<br><br>          Petitioners,<br><br>   v.<br><br>THE UNITED STATES OF AMERICA,<br><br>          Respondent. | CIVIL NO. 1-06-00572 (JMS/LEK)<br><br>**FINDINGS AND RECOMMENDATIONS RE PETITION TO QUASH INTERNAL REVENUE SERVICE SUMMONSES FILED OCTOBER 23, 2006**<br><br>DATE:  April 9, 2007<br>TIME:   10:30 a.m.<br>JUDGE: Hon. Leslie E. Kobayashi |

**FINDINGS AND RECOMMENDATIONS RE PETITION
TO QUASH INTERNAL REVENUE SERVICE SUMMONSES
FILED OCTOBER 23, 2006**

Petitioners STARN O'TOOLE MARCUS & FISHER and PETER STARN

("Petitioners")'s Petition to Quash Internal Revenue Services Summonses filed

October 23, 2006, came on for hearing before the Honorable Leslie E. Kobayashi

on April 9, 2007.  Lane Hornfeck, Esq. appeared on behalf of Petitioners, and Jeremy N. Hendon, Esq. appeared on behalf of Respondent UNITED STATES OF AMERICA ("Respondent").

The Court considered the Petition, the memoranda in support and in opposition to the Petition, the declarations and exhibits attached thereto, the records and files herein, and the arguments of Counsel, and the Court decided that this matter is suitable for disposition without a formal hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai'i, and finds as follows:

## I.FINDINGS

A.  **Procedural Background**

1.  The Petition sought to quash certain summonses of the Internal Revenue Service ("IRS") that Petitioners received on October 6, 2006 and October 9, 2006 (collectively "the Summonses").

2.  The Summonses addressed various records of Pan Global Partners, EIN #99-0307620 ("Taxpayer"), for the tax year ending December 31, 2002.

3.  Petitioners asked the Court to:  (a) quash the Summonses pursuant to 26 U.S.C. §§ 7609(b)(2) and 7602(c)(1) and Fed. R. Civ. P. 45(c)(3)(A)(i), (iii), (iv), and (B)(i); (b) modify the Summonses pursuant to Rule 45(c); (c) issue a protective order narrowing the scope of the Summonses to exclude privileged and/or confidential information and extending the amount of time in which Petitioners were to respond; and/or (d) increase the fees payable to them for responding to the Summonses.

4.  Respondent opposed the Petition in its entirety and sought enforcement of the Summonses.

5.  Since filing the Petition, however, Petitioners and Respondent have been working together to resolve the various issues in this matter.

6.  Petitioners have produced responsive, non-privileged hard-copy documents, a privilege log and a name key.

7.     Respondent voluntarily agreed to limit the scope of the Summonses to exclude prior, unrelated litigation matters.  Respondent also voluntarily agreed to limit the scope of the Summonses temporarily not to include electronic documents at this time, reserving its right to request such document in the future under the purview of the subject Summonses.

8.     As a result of the agreement reached by the parties, many of Petitioners' arguments have been rendered moot.

9.     The following issues, nevertheless, remained for disposition by the Court:  (a) whether the privilege log is sufficient and whether the documents referenced therein are protected by the attorney-client privilege; (b) whether Petitioners' contractual duty of confidentiality excuses Petitioners' compliance with the Summonses and whether Respondent must enter into a protective order concerning the confidentiality of disclosed documents; (c) whether the Court should review the withheld documents *in camera* to determine the proper scope of the privilege and/or confidentiality; and (d) whether Petitioners are entitled to the compensation for responding to the Summonses and, if so, at what rate.

J.   **<u>Applicable Law</u>**

11.     In order to obtain enforcement of a summons, Respondent need only make a prima facie showing of good faith in the issuance of the summons.  <u>See</u> <u>Lidas, Inc. v. United States,</u> 238 F.3d 1076, 1081-82 (9th Cir. 2001) (citing <u>United States v. Powell,</u> 379 U.S. 48 (1964)).

12.     Respondent must establish that: "(1) the investigation will be conducted for a legitimate purpose; (2) the inquiry will be relevant to such purpose; (3) the information sought is not already within the Commissioner's possession; and (4) the administrative steps required by the Internal Revenue Code have been followed."  <u>Id.</u> at 1082 (citing <u>Powell,</u> 379 U.S. at 57-58).

13.     Courts generally hold that affidavits or declarations from IRS directors or agents can provide sufficient proof of the <u>Powell</u> elements.  <u>See</u> <u>id.</u> (citing <u>United States v. Stuart,</u> 489 U.S. 353, 360-61 (1989); <u>Barquero v. United States,</u> 18 F.3d 1311, 1317 (5th Cir. 1994)).

14.     The <u>Powell</u> factors also apply when courts consider petitions to quash IRS summonses.  <u>See</u> <u>Ponsford v. United States,</u> 771 F.2d 1305, 1307 (9th Cir. 1985).

15.     The Court finds that Respondent met the <u>Powell</u> factors herein.

P.   **Petitioners' Assertion of the Attorney-Client Privilege and the Sufficiency of Petitioners' Privilege Log.**

17.     Petitioners produced a twenty-eight-page privilege log covering approximately 2,700 pages of documents, which they argue are protected by the attorney-client privilege.

18.     Respondent stated that the documents at issue in the case are those that are reflected on the privilege log and which are not already in the possession of the IRS.

19.     Respondent argued that the privilege log is deficient with respect to some of these documents, and that some documents are being improperly withheld.

20.     Respondent argued that some of the listed documents are described as pertaining to legal analysis performed in connection with legal services to the client, and that the vast majority of documents, however, are simply described as a fax transmittal, letter, note, memorandum, e-mail, invoice, timeline, or other document not related to legal analysis.

21.     Respondent argued that Petitioners are improperly withholding these documents if they do not pertain to legal advice or legal analysis or, in the alternative, Petitioners should further describe the documents to establish that they are privileged.

22.     Petitioners responded that (a) all communications listed on the log are privileged attorney-client communications regarding or pertaining to

legal advice and (b) those documents that are not communications are documents containing confidential information communicated from the client for the purpose of rendering legal advice or performing legal analysis.

23.     Petitioners also responded that a more detailed explanation regarding the communication could potentially waive the subject matter of the communications sought to be protected.

24.     Respondent also argued that communications regarding business advice or merely relaying information that Petitioners obtained from outside sources are not covered by the attorney-client privilege.

25.     Petitioners responded that they only provided legal advice not business advice.

26.     Respondent also argued that Petitioners have improperly withheld documents addressed to various other individuals or entities identified as Taxpayer's agents without adequately establishing that the individuals or entities are agents for attorney-client privilege purposes.

27.     For example, Petitioners list a communication with China Trust National Bank on the privilege log, but Respondent challenged China Trust National Bank's role as an agent of Taxpayer.

28.    Respondent argued that the Court should either order Petitioners to produce documents addressed to Taxpayer's agents or require Petitioners to produce a more detailed privilege log that will establish an agency relationship.

29.    The Court agrees with Respondent as to its argument regarding the sufficiency of the log.

30.    Petitioners are directed to meet and confer with Respondent regarding a more detailed privilege log.

31.    The Court also orders Petitioners to produce a further list of persons or entities identified on the privilege log, with a description of any agency relationship they have to Taxpayer.

32.    Petitioners shall provide such revised log and/or list by May 11, 2007.

GG.    **Petitioners' Assertions of Confidentiality based on Third-Party Contract and Related Request for a Stipulated Protective Order.**

34.    Petitioners argued that some of the information sought in the Summonses was protected under a contractual nondisclosure agreement between Taxpayer and another party.

35.    Respondent argued that Petitioners also asserted the state ethical duty of confidentiality protected documents from production and did

6

not include these arguments in Petitioners' privilege log as a basis for withholding documents.

36. Upon review of the actual documents sought, Petitioners did not actually withhold any documents on the basis of third-party confidentiality, but instead stamped them as confidential where appropriate.

37. Respondent further argued that this is not a valid basis for withholding documents.

38. The Court agrees with Respondent and finds that a third-party nondisclosure agreement and/or the state ethical duty of confidentiality do not provide a basis for *withholding* documents in response to a federal IRS summons.

39. The Court, however, agrees and finds that the federal attorney client privilege can apply as a basis for withholding documents under appropriate circumstances in response to an IRS summons.

40. Respondent argues that the Court should not require the IRS to agree to a protective order prohibiting the IRS from publicly disclosing information obtained in response to the Summonses. Respondent argued that there is no authority for such a requirement.

41. Respondent argued and the Court agrees that the IRS is already bound by 26 USC § 6103. The Court agrees with Respondent's arguments

and assertions and finds that the IRS is not required to enter a protective order.

PP. ***In Camera* Review**

43.      Respondent argued that, even if Petitioners have satisfied their prima facie burden to assert the attorney-client privilege, this Court should conduct an *in camera* review of the documents to determine if the privilege actually applies.

44.      Respondent argued that it has established a factual basis supporting a good faith belief that such an inspection may prove that the documents are not privileged.

45.      Respondent stated that the Court, in its discretion, may decide to conduct an *in camera* review based on the amount of material to review, the relevance of the alleged material to the case, and the likelihood that the review will show that the documents are not privileged.

46.      Petitioners argued that an *in camera* review would be inappropriate in this case.

47.      Petitioners argued that Respondent should have filed a motion seeking *in camera* review instead of requesting it in response to the Petition.

48.     Petitioners reiterated that they have established that the withheld documents are privileged and, therefore, an *in camera* review is not warranted at this time.

49.     Petitioners argued that *in camera* review would be unduly burdensome for the Court because Respondent has not identified specific documents that it believes are not privileged.

50.     Petitioners argued that, after Respondent identifies those documents, the parties can try to come to an agreement and the Court would only need to conduct an *in camera* review if they are unable to reach an agreement.

51.     The Court agrees with Petitioners.

52.     The Court directs the parties to meet and confer to come to such an agreement, and to advise the Court in writing by May 18, 2007 as to which documents an *in camera* review needs to be conducted.

AAA.     **Compensation**

54.     Petitioners argued that requiring them to respond to the Summonses at the rate proposed by Respondent would be unduly burdensome.

55.     Petitioners argued that they should be compensated at their market rates, $125 for paralegal time and $200-$400 for attorney time, instead of at $8.00 per hour as proposed by the Government.

56.     Respondent argued that the Internal Revenue Code allows for the promulgation of regulations establishing the reimbursement rates and conditions for third parties who respond to IRS summonses.

57.     The reimbursement schedule of the IRS is laid out in Treas. Reg. § 301.7610-1.

58.     Respondent acknowledged that some courts have held that the IRS can be required to bear some of a third party's costs, but Respondent argues that this is only done in limited circumstances which do not apply here.

59.     Respondent noted that Petitioners presented no authority for the proposition that reimbursement must be at market rates.

60.     Respondent argued that such a requirement would have a chilling effect on the ability of the IRS to summon records from law firms.

61.     The Court finds that Petitioners may be compensated as provided by the Internal Revenue Code's reimbursement schedule once Petitioners can demonstrate the requisite circumstances for compensation.

## II.RECOMMENDATIONS

Subject to the foregoing findings, the Court RECOMMENDS that an order be entered:

62.   Denying the Petition to Quash;

63.   Compelling Petitioners to produce all non-privileged documents responsive to the Summonses; and

64.   Requiring that the parties meet and confer to reach an agreement on:  (a) a revised privilege log; (b) a further detailed list of persons explaining the agency relationship of certain individuals listed on the privilege log, to be provided by Petitioners; and (c) those documents that are in issue for purposes of an *in camera* review by the Court.

DATED:              Honolulu, Hawai`i, _____.

/s/ Lane Hornfeck
_____
STARN ● O'TOOLE ● MARCUS & FISHER
Terence J. O'Toole
Lane Hornfeck

Attorneys for Petitioners Starn O'Toole Marcus & Fisher and Peter Starn

/s/ Jeremy Hendon
_____
Jeremy Hendon
Assistant United States Attorney

Attorney for Respondent United States of America

11

APPROVED AND SO ORDERED



        /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

*Starn O'Toole Marcus & Fisher et al. v. The United States of America*, Civil No. 1-06-00572 (JMS/LEK), United States District Court, District of Hawai`i:   **FINDINGS AND RECOMMENDATIONS RE PETITION TO QUASH INTERNAL REVENUE SERVICE SUMMONSES FILED OCTOBER 23, 2006**