IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

STARN O'TOOLE MARCUS &          )          CIVIL NO. 06-00572 JMS-LEK
FISHER, ET AL.,                 )
                                )
          Plaintiffs,           )
                                )
     vs.                        )
                                )
THE UNITED STATES OF AMERICA,   )
                                )
          Defendant.            )
_____ )

## ORDER RE IN CAMERA REVIEW OF DOCUMENTS

### BACKGROUND

On October 23, 2006, Petitioners Starn O'Toole Marcus &

Fisher and Peter Starn (collectively "Petitioners") filed their

Petition to Quash Internal Revenue Service Summonses ("Petition")

in which they seek to quash summonses seeking information related

to Petitioners' former client, Pan Global Partners.  In the

alternative, Petitioners seek to: modify the summonses, have a

protective order issue regarding privileged and/or confidential

information, and increase the fees to be payed to Petitioners for

the production of documents responsive to the summonses.

On March 31, 2007, Respondent the United States of

America ("Respondent") filed its opposition, and submitted that

the parties have worked together to the extent that Petitioners

have produced documents and have narrowed the remaining issue to

a determination as to the sufficiency of the privileges being

claimed as to responsive documents that have not yet been produced.

On April 31, 2007, this Court issued an order regarding the Petition, and on May 10, 2007, this Court filed its Findings and Recommendation regarding the Petition.  A discovery conference was held on June 15, 2007 as to the remaining issue of Petitioners' claims of privileges as to certain documents, and this Court issued its guidance regarding the attorney-client privilege to assist the parties in their further discussions regarding production of documents.  A further discovery conference was held on June 27, 2007, and Petitioners provided documents for *in camera* review on that same date.

**DISCUSSION**

**I.   <u>Attorney-Client Privilege</u>**

"Questions of privilege that arise in the course of the adjudication of federal rights are 'governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.'"  <u>United States v. Zolin</u>, 491 U.S. 554, 562 (1989) (citing Fed. R. Evid. 501).  The matter at hand here, a petition seeking to quash an Internal Revenue Service subpoena, arises under federal law and therefore the federal common law of attorney-client privilege must be applied.

The attorney-client privilege protects a client's

confidential communications to an attorney to obtain legal services.  Courts apply the privilege only when necessary to achieve a client's full and frank disclosure to his attorney. The party asserting the privilege bears the burden of establishing that it applies to the documentation, etc., sought by the opposing party.  See Clarke v. Am. Commerce Nat'l Bank, 974 F.2d 127, 129 (9th Cir. 1992).  "Blanket assertions are extremely disfavored."  United States v. Martin, 278 F.3d 988, 1000 (9th Cir. 2002) (citation omitted).  The privilege is ordinarily raised as to each record sought to allow the court to rule with specificity.  See id.  Further, a district court may conduct an in camera inspection of alleged confidential communications to determine whether the attorney-client privilege applies.  See Kerr v. United States Dist. Ct. for N. Dist. of Cal., 426 U.S. 394, 405-06 (1976) ("this Court has long held the view that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege" (citations omitted)); see also Clarke, 974 F.2d at 129.

The elements of the privilege are:

(1) When legal advice of any kind is sought (2) from a professional legal adviser in his or her capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are, at the client's instance, permanently protected (7) from disclosure by the client or by the legal adviser (8) unless the protection be waived.

Martin, 278 F.3d at 999 (citing 8 Wigmore, Evidence § 2292, at

554 (McNaughton rev. 1961); <u>United States v. Plache</u>, 913 F.2d
1375, 1379 n.1 (9th Cir. 1990)).

The attorney-client privilege necessarily requires that
the communication be confidential.  The privilege does not
protect non-confidential information, such as a client's identity
or the fee arrangement.  <u>See</u> <u>Reiserer v. United States</u>, 479 F.3d
1160, 1165 (9th Cir. 2007) ("'[T]he attorney-client privilege
ordinarily protects neither a client's identity nor information
regarding the fee arrangements reached with that client.'"
(quoting <u>United States v. Horn (In re Horn)</u>, 976 F.2d 1314, 1317
(9th Cir. 1992)) (alteration in original)); <u>In re Fischel</u>, 557
F.2d 209, 212 (9th Cir. 1977) (holding that lawyer's account
ledgers revealing client's financial transactions with others
were not privileged).  Further, there must be an intention to
maintain confidentiality.  If the communication is disclosed to
someone outside the attorney-client relationship, then the
privilege is waived as to communications about the matter
actually disclosed, and intent (or lack thereof) to waive the
attorney-client privilege is not dispositive.  <u>See</u> <u>Tennenbaum v.</u>
<u>Deloitte & Touche</u>, 77 F.3d 337, 341 (9th Cir. 1996) (citing <u>Weil</u>
<u>v. Investment/Indicators, Research & Management</u>, 647 F.2d 18 (9th
Cir. 1981)).  A court may then deem an "express waiver" or
"waiver by voluntary disclosure", as referred to by some
commentators in order to distinguish this type of waiver from an

"implied waiver," or "waiver by claim assertion".  See Bittaker
v. Woodford, 331 F.3d 715, 719 n.4 (9th Cir. 2003) (citations
omitted).  For instance, such waiver would occur where documents
are turned over to a third party not bound by the privilege.

Where business advice is given to a client, whether or
not the attorney-client privilege applies is often fact-specific.
"A client is entitled to hire a lawyer, and have his secrets
kept, for legal advice regarding the client's business affairs."
United States v. Chen, 99 F.3d 1495, 1501 (9th Cir. 1996).
"Where the general purpose concerns legal rights and obligations,
a particular incidental transaction would receive protection,
though in itself it were merely commercial in nature[.]"  Id. at
1502 (citation omitted).  When a client retains the services of a
lawyer, there is a rebuttable presumption that the lawyer is
hired to give legal advice, but that presumption is rebutted
"when the facts show that the lawyer was 'employed without
reference to his knowledge and discretion in the law.'"  Id. at
1501 (citation omitted).  The attorney-client privilege still
applies, however, where non-legal advice is incorporated into
legal advice.  See Ideal Elec. Co. v. Flowserve Corp., 230 F.R.D.
603, 607 (D. Nev. 2005) (draft affidavits containing factual
information intended to be disclosed to the court are protected
by the attorney-client privilege).

## II.  **Work Product Doctrine**

The work product doctrine provides a qualified immunity for material prepared in anticipation of litigation by a party or its representative.  See Hickman v. Taylor, 329 U.S. 495 (1947). In order to be protected under the work product doctrine, the material must meet the following conditions: (1) be a document or tangible thing; (2) be prepared in anticipation of litigation or for trial; and (3) be prepared by or for a party, or by or for its representative.  See Fed. R. Civ. P. 26(b)(3)(A).  The burden of establishing work product protection lies with the proponent, and "it must be specifically raised and demonstrated rather than asserted in a blanket fashion." Yurick v. Liberty Mut. Ins. Co., 201 F.R.D. 465, 472 (D. Ariz. 2001) (citations omitted).

There are two types of work product: fact work product, "written or oral information transmitted to the attorney and recorded as conveyed by the client"; and opinion work product, "any material reflecting the attorney's mental impressions, opinions, conclusions, judgments, or legal theories." In re Columbia/HCA Healthcare Corp. Billing Practices Litig., 293 F.3d 289, 294 (6th Cir. 2002) (citations and quotation marks omitted). The protection accorded fact work product can be pierced where the opposing party can demonstrate a substantial need for the information and that she cannot otherwise obtain the substantial equivalent of the work product without undue hardship.  See Rule 26(b)(3)(A)(ii).  Opinion work product, however, is afforded

6

greater protection.  <u>See</u> Rule 26(b)(3)(B) ("If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other legal representative concerning the litigation.").

The Ninth Circuit has held that a document is prepared "in anticipation of litigation" if it was prepared or obtained because of the prospect of litigation.  The court specifically stated that the "'because of' standard does not consider whether litigation was a primary or secondary motive behind the creation of the document."  <u>In re Grand Jury Subpoena</u>, 357 F.3d 900, 908 (9th Cir. 2004).  Where both purposes are inter-mixed, the documents are accorded protection if, "taking into account the facts surrounding their creation, their litigation purpose so permeates any non-litigation purpose that the two purposes cannot be discretely separated from the factual nexus as a whole."  <u>Id.</u> at 910.

To meet the requirement that the document was "prepared in anticipation of litigation", the proponent needs to demonstrate, first, that there was some threat of an adversarial proceeding, and second, that the document was prepared after that threat became apparent.  <u>See</u> <u>F.T.C. v. Grolier Inc.</u>, 462 U.S. 19, 25 (1983) ("But the literal language of the Rule protects materials prepared for *any* litigation or trial as long as they

were prepared by or for a party to the subsequent litigation."
(citation omitted) (emphasis in original)).

"Materials assembled in the ordinary course of
business, or pursuant to public requirements unrelated to
litigation, or for other nonlitigation purposes" do not fall
within the ambit of the work product doctrine.  Fed. R. Civ. P.
26(b)(3) advisory committee's note (1970 Amendment).

With these considerations in mind, the Court turns to
the review of the documents.

<b><u>FINDINGS</u></b>

After an *in camera* review of the documents submitted,
the Court makes the following findings:

**I.   <u>Documents To Be Produced</u>.**

It is clear from the face of the documents submitted *in
camera* that many are not confidential in nature.  Further, in
some cases, the information contained was voluntarily disclosed
to a third-party (such as the Department of Commerce and Consumer
Affairs) and thus, if the information could have been deemed
confidential by any stretch of the imagination in the first
place, the privilege was waived.  As to the work product
doctrine, this Court is not persuaded that it can be applied as
Petitioners have not demonstrated that litigation was anticipated
when the documents were prepared.  The matters in which
Petitioners provided legal advice generally involved real

8

property transactions, and financing and partnership issues.

Examples include: fax transmittal reports, e.g.,
SOMF/PS007014, SOMF/PS007810-11; invoices for surveyor's
professional services, e.g., SOMF/PS007016; a cover letter
describing invoices submitted for payment for surveyor's services
and for legal services and costs incurred which describes the
total amounts and does not provide specific description of the
legal services rendered, e.g., SOMF/PS007018; a transcript of
voice mail message providing contact information for the caller,
e.g. SOMF/PS007357; an e-mail message indicating that a memo was
revised and saved, and to listen to a voice mail message, e.g.
SOMF/PS007362; a DHL shipment invoice, e.g., SOMF/PS007561;
correspondence referencing an enclosed Honolulu newspaper
article, e.g., SOMF/PS007687; copies of publically available
documents, such as the Certificate of Good Standing issued by the
Department of Commerce and Consumer Affairs, e.g., SOMF/PS006678,
SOMF/PS006708; blank standard forms for UCC Financing Statement,
e.g. SOMF/PS006730-6735; copies of business cards, e.g.,
SOMF/PS008319; a form due diligence checklist without notations,
e.g., SOMF/PS008345-360; a draft Due Diligence Request List and
Buyer's Action Item List without notations (except for cryptic
hand-written words on Post-It on SMF/PS008392), e.g.,
SMF/PS008363-8382; a copy of a publically-available decision
obtained from Westlaw, e.g., SOMF/PS008812; publically-filed

records, _e.g._, Articles of Amendment to Change Corporate Name, SOMF/PS006684, Articles of Incorporation, SOMF/PS006685-701; a copy of the Hawaii County Code - Zoning text, _e.g._, SOMF/PS008710; an e-mail stating the amount of management fees paid to Hilton for 1999 and 2000, _e.g._, SOMF/PS007319; an offering letter from a third-party, Chinatrust Commercial Bank to Helstan TPG Co., _e.g._, SOMF/PS006710-14; an executed Assignment and Security Agreement with a third-party, Chinatrust Commercial Bank, _e.g._, SOMF/PS006715-21; an executed Pledge of Partnership Interest and Security Agreement with a third party, Chinatrust Commercial Bank, _e.g._, SOMF/PS006724-26; a completed UCC Financing Statement intended for publication to third-parties, _e.g._, SOMF/PS006727; blank UCC Financing Statement forms, _e.g._, SOMF/PS006729-35; a letter to a third-party, Chinatrust Commercial Bank from Kenneth Marcus regarding an opinion letter in connection with Lender's loan to Helstan TPG Corporation, _e.g._, SOMF/PS006911-17; transmittal letter from Horwath Kam & Co. to Duane R. Fisher, Esq., _e.g._, SOMF/PS006959; e-mail and work addresses for Peter Starn, _e.g._, SOMF/PS007128; Total Room Revenue per Room Per Year and other information re estimate value of timeshare unit per Room, _e.g._, SOMF/PS007124, 7129; memorandum from Tom Richie to Peter Starn regarding Hilton Waikoloa and modifications to Placement Agreement, _e.g._, SOMF/PS007262-63; Placement Agreement and Application, _e.g._, SOMF/PS007264-67;

letter from a third-party, Chase Manhattan Bank, as Lender to

Global Resort Partners as Borrower re Chase Mortgage Loan

Program, e.g., SOMF/PS007268-78; information about Hilton

Waikoloa facilities, number of rooms, and diagram of rooms, e.g.,

SOMF/PS007279-89.

For the reasons set forth above, the Court finds that

the following documents are neither protected by the attorney-

client privilege nor the work product doctrine, and are to be

produced to Respondent by **July 21, 2008**:

```
SOMF/PS006678
SOMF/PS006683-91
SOMF/PS006702
SOMF/PS006705
SOMF/PS006706
SOMF/PS006707-09
SOMF/PS006710-14
SOMF/PS006715-21
SOMF/PS006724-26
SOMF/PS006727
SOMF/PS006729-35
SOMF/PS006769
SOMF/PS006879-81
SOMF/PS006911-17 - with the handwritten notations redacted.
SOMF/PS006953-54
SOMF/PS006959
SOMF/PS007011-14
SOMF/PS007016-18
SOMF/PS007020
SOMF/PS007092
SOMF/PS007103-07
SOMF/PS007116
SOMF/PS007124
SOMF/PS007129
SOMF/PS007249-51
SOMF/PS007253-54
SOMF/PS007257
SOMF/PS007262-63
SOMF/PS007264-67
SOMF/PS007268-78
```

```
SOMF/PS007279-89
SOMF/PS007291-93
SOMF/PS007299
SOMF/PS007313
SOMF/PS007319
SOMF/PS007331
SOMF/PS007339
SOMF/PS007348
SOMF/PS007356-57
SOMF/PS007362
SOMF/PS007404
SOMF/PS007560-61
SOMF/PS007597
SOMF/PS007604
SOMF/PS007609
SOMF/PS007675-76
SOMF/PS007680
SOMF/PS007687
SOMF/PS007691-92
SOMF/PS007696
SOMF/PS007698-99
SOMF/PS007730
SOMF/PS007762
SOMF/PS007795
SOMF/PS007799-800
SOMF/PS007807
SOMF/PS007810-11
SOMF/PS007816
SOMF/PS007818-19
SOMF/PS007822
SOMF/PS007885-86
SOMF/PS007990
SOMF/PS008025
SOMF/PS008061
SOMF/PS008063-65
SOMF/PS008317-19
SOMF/PS008345-60
SOMF/PS008363-82
SOMF/PS008524-25
SOMF/PS008542
SOMF/PS008551
SOMF/PS008554-55
SOMF/PS008681
SOMF/PS008713
SOMF/PS008812-19
```

**II.   <u>Privileged Documents</u>.**

There are documents which contain confidential legal advice to a client and thus are privileged.  The Court finds the following documents are privileged:

1.  SOMF/PS006679-82 - Unsigned Pledge of Partnership Interest in Pan Global Partners by Orange Cay Waikoloa Corporation, Secretary Certificate.

2.  SOMF/PS006692-701 - By-Laws of Helstan Waikoloa Corporation (as it is unclear if these documents were filed with the Department of Commerce and Consumer Affairs or other public entity).

3.  SOMF/PS006703-04 - Undated Resolution of Orange Cay Waikoloa Corp.

4.  SOMF/PS006722-23 - Consent and Waiver Agreement

5.  SOMF/PS006891 - Fax correspondence from Judy Yeh to Sharon Lovejoy seeking legal advice re offering letter.

6.  SOMF/PS006897-6907 - Fax correspondence from Judy Yeh to Sharon Lovejoy seeking legal advice re proposed Pledge of Partnership Interest and Security Agreement, which contain handwritten notations.

7.  SOMF/PS006908-09 - Consent and Waiver Agreement with handwritten notes.

8.  SOMF/PS006910 - Memorandum to Sharon V. Lovejoy from Trevor A. Brown regarding legal issues of Orange Cay's Interest in Pan Global Partners.

9.  SOMF/PS006924 - Attorney's notes re checklist for Orange Kay Opinion Letter

10. SMF/PS006925 - Memo to Sharon V. Lovejoy from Judy Yeh re certain points in legal opinion being sought by Chinatrust Bank and handwritten notations.

11. SOMF/PS006926-27 - Borrowing Resolution.

12. SOMF/PS006928-37 - Handwritten notes.

13. SOMF/PS006945 - draft letter to Ted from Thomas

14. SOMF/PS006950-52 - Letter from Duane R. Fisher to Pamela Yu, Horwath Kam & Co., re enclosed letter from Arthur Andersen to Judy Yeh

15. SOMF/PS006951-52 - Letter from Joanne Hoe to Judy Yeh re Arthur Andersen's Tax Working Papers - Client Authorization and Understandings

16. SOMF/PS006962 - Transmittal Letter and Letter to Duane R. Fisher from Pamela Yu, Horwath Kam & Co. Re retention agreement with Arthur Andersen.

17. SOMF/PS007008 - Letter to Peter Starn from Thomas Liu re Letter to Thos. Rohr.

18. SOMF/PS007015 - draft letter from Duane R. Fisher to Debby Wang.

19. SOMF/PS007043-44 - e-mail from Peter Starn to Greg Rice, Thomas Liu, Judy Yeh re meeting with Thos. Rohr.

20. SOMF/PS007093-97 - Memorandum from Lane C. Hornfeck to PGP

Hotel Sale File regarding legal analysis of maximum number of dwelling units that may be designated for sale.

21. SOMF/PS007110 - e-mail from Kenneth B. Marcus to Peter Starn re ChiTi's Ceded Lands endorsement.

22. SOMF/PS007112-13 - E-mail from Peter Starn to Judy Yeh regarding legal advice on lease amendment triggered by loan default.

23. SOMF/PS007114-15 - E-mail from Kenneth Marcus to Peter Starn regarding legal advice on acknowledgments made by the lessor.

24. SOMF/PS007117-19 - draft letter to Thos. Rohr from Thomas Liu re Non-Binding Term Sheet for Lots 2 and 3.

25. SOMF/PS007120-23, 7125-28 - Various copies of e-mail from Peter Starn to Thomas Liu regarding timeshares on Lot 3 and purchase of Lot 2.

26. SOMF/PS007132-33 - E-mail from Peter Starn to Judy Yeh regarding report on meeting with Thos Rohr concerning the potential purchase of lots 2 and 3.

27. SOMF/PS007134 - Transcript of voice mail from Peter Starn to others regarding discussion with Thomas Liu about hotel sale.

28. SOMF/PS007136-40 - Memorandum to Peter Starn from Lane C. Hornfeck regarding Survival of Landlord Consent regarding assignment and management agreement.

29.   SOMF/PS007142 - Handwritten notes re hotel lease.

30.   SOMF/PS007193-97 - Revised Memorandum to Peter Starn from Lane C. Hornfeck regarding maximum number of dwelling units, that may be designated for sale as timeshare, for formerly described lot 2, file plan 1853.

31.   SOMF/PS007246-48 - Memorandum to Judy Yeh from Sharon V. Lovejoy regarding Loan Analysis - Notifying Hilton.

32.   SOMF/PS007260-61 - Letter from Peter Starn to Judy Yeh regarding Possible Financing for the Hilton Waikoloa Village.

33.   SOMF/PS007290 - Ownership structure of Hilton Waikoloa Village.

34.   SOMF/PS007295 - e-mail from Peter Starn to Judy Yeh re potential amendments that client may wish to seek in the management contract with Hilton.

35.   SOMF/PS007296-302 - Copies of memorandum from Kenneth B. Marcus to Peter Starn regarding Hilton Waikoloa Village Management Agreement.

36.   SOMF/PS007309 - Transcript of voice mail message from Peter Starn regarding PGP Hotel Sale - Letter of Intent.

37.   SOMF/PS007310-11 - Transcript of voice mail message from Peter Starn regarding discussion with Judy Yeh about the legal requirements for deal with Hilton.

38.   SOMF/PS007312 - E-mail from Sharon Lovejoy to Ken Marcus

regarding discussion with John Jubinsky about ceded lands and Native Hawaiian Legal Corporation.

39. SOMF/PS007314-16 - Memorandum of October 10, 2001 to Thomas Liu from Sharon V. Lovejoy regarding the impact of a loan on the ground lease.

40. SOMF/PS007317-18 - Draft response to client's inquiry about the impact of a loan on the lease in an e-mail from Sharon Lovejoy to Peter Starn dated October 8, 2001.

41. SOMF/PS007321 - Transcript of voice mail message from Peter Starn to Sharon V. Lovejoy re hotel sale.

42. SOMF/PS007322-23 - E-mail response to client about potential requirements for a loan from Peter Starn dated October 4, 2001.

43. SOMF/PS007324 - Transcript of voice mail message from Peter Starn regarding PGP-Hotel Sale.

44. SOMF/PS007325 - Transcript of voice mail message from Peter Starn regarding PGP-Hotel Sale.

45. SOMF/PS007327 - Transcript of voice mail message from Peter Starn regarding PGP-Hotel Sale.

46. SOMF/PS007328 - Transcript of voice mail message from Peter Starn regarding PGP-Hotel Sale.

47. SOMF/PS007329 - Transcript of voice mail message from Peter Starn regarding PGP-Hotel Sale.

48. SOMF/PS007332-35 - Invoices for Fees for Legal Services from

Marr Hipp Jones & Pepper with details for work rendered.

49. SOMF/PS007360 - Transcript of voice mail messages from Peter Starn regarding PGP-Hotel Sale.

50. SOMF/PS007361 - Transcript of voice mail message from Peter Starn regarding PGP-Hotel Sale.

51. SOMF/PS007363-78 - Memorandum from Lane C. Hornfeck to Peter Starn regarding Hilton's claims that PGP must (1) provide names of prospective purchases, and (2) maximize value by delaying hotel sale in light of current economic conditions related to September 11, 2001.

52. SOMF/PS007379-80 - Transcript of voice mail message from Peter Starn to Sharon V. Lovejoy re partnership law issues to research.

53. SOMF/PS007381 - E-mail from Kenneth Marcus to Peter Starn re John Jubinsky's changes to draft.

54. SOMF/PS007384 - E-mail from Sharon V. Lovejoy to Ken Marcus re suggested changes to draft endorsement.

55. SOMF/PS007385 - Transcripts of voice mail message from Duane Fisher to Peter Starn re disclosures to Hilton and of voice mail message from Peter Starn to Duane Fisher in response.

56. SOMF/PS007386 - Transcript of voice mail message from Peter Starn to Duane Fisher re discussions with clients on financing.

57. SOMF/PS007388-403 - Legal memorandum from Lane C. Hornfeck

18

to Peter Starn re whether PGP must disclose prospective purchasers, and maximize value by delaying hotel sale in light on economic conditions.

58. SOMF/PS007405-07 - Letter to Thomas Liu from Judy Yeh regarding engagement as financial advisor to Pan Global Partners to evaluate financing options and confidentiality agreement regarding Hilton Waikoloa Village.

59. SOMF/PS007608 - E-mail from Duane Fisher to Peter Starn regarding confidentiality agreement and Thomas Liu.

60. SOMF/PS007611 - E-mail from Duane Fisher to Judy Yeh regarding retention of Arthur Anderson for audit.

61. SOMF/PS007793, 7797- E-mail from Sharon Lovejoy to Judy Yeh regarding letter about distributing the Amended and Restated Limited Partnership Agreement of Pan Global Partners.

62. SOMF/PS007794, 7798 - Unsigned letter with Notice of Written Vote in Lieu of Meeting of Pan Global Partners.

63. SOMF/PS007820-24 - Letters from Sharon V. Lovejoy to Howard Kam regarding proposed amended and restated limited partnership agreement of Pan Global Partners.

64. SOMF/PS007947-48 - E-mail from Howard Kam to Sharon Lovejoy regarding amendments to PGP Partnership Agreement from accounting firm.

65. SOMF/PS007949 - E-mail from Peter Starn to Thomas Liu regarding revised Pan Global Partner partnership agreement.

66. SOMF/PS007950-53 - E-mails between Peter Starn and Thomas Liu regarding finalizing PGP Partnership Agreement.

67. SOMF/PS008027-28 - Letters from John Huang to Sharon Lovejoy regarding notice of written vote in lieu of meeting of Pan Global Partners.

68. SOMF/PS008029-57 - Amended and Restated Limited Partnership Agreement of Pan Global and three attachments.

69. SOMF/PS008323-28 - Legal Memorandum (draft) from Duane R. Risher to PGP Hotel Sale File re Ability to Develop Timeshare Units.

70. SOMF/PS008329-8331 - Legal Memorandum to Duane R. Fisher from Lane C. Hornfeck regarding Lessor's covenant of quiet enjoyment.

71. SOMF/PS008332 - Transcript of voice mail message from Peter Starn regarding PGP-Hotel Sale.

72. SOMF/PS008344 - E-mail from Thomas Liu to Peter Starn regarding due diligence request list.

73. SOMF/PS008361-62 - E-mail from Peter Starn to Duane Fisher regarding getting response to Thomas Liu about due diligence request list.

74. SOMF/PS008384-87 - PGP Hilton Waikoloa Hotel Sale Action List.

75. SOMF/PS008388 - To Do List for Peter Starn regarding PGP's hotel sale documents to obtain and file.

76. SOMF/PS008389 - To Do List for Peter Starn regarding PGP Hotel Sale and environmental assessment company.

77. SOMF/PS008392 - E-mail from Sharon Lovejoy to Todd Apo regarding interest owned by each current partner in PGP.

78. SOMF/PS008393 - Ownership structure of the Hilton Waikoloa Village as of October 16, 2000.

79. SOMF/PS008394 - Ownership Structure of Hilton Waikoloa Hotel.

80. SOMF/PS008395 - Ownership Structure - Hilton Waikoloa with handwritten notations.

81. SOMF/PS008496-503 - E-mail from Ken Hipp to Duane Fisher regarding labor and employment law issues arising out of a sale of the Hilton Waikoloa.

82. SOMF/PS008505-07 - Memorandum to Peter Starn from Judy Yeh regarding memorandum prepared by Danton Wong at Chun, Kerr, Dodd law firm regarding the ceded land issue, and legal memorandum from Danton Wong to Roy Yokoi regarding Hilton Waikoloa Village and ceded land issue.

83. SOMF/PS008508-14 - Letter from Roy Yokoi to Judy Yeh regarding request to Danton Wong for legal advice regarding ground lease, and legal memorandum to Danton Wong from Kaleen S. Haegawa regarding Pan Global Partners - Ground Lease Provisions, legal memorandum to Roy Yokoi from Danton Wong regarding Hilton Waikoloa Village and ceded lands.

84. SOMF/PS008515-16 - memorandum from Danton Wong to Roy Yokoi re ceded lands issue for Hilton Waikoloa Village.

85. SOMF/PS008533 - E-mail from Thomas Liu to Peter Starn forwarding letters he sent to Hilton in response.

86. SOMF/PS008535-37 - Voluntary Hotel Sale Timeline with 60% PGP Vote.

87. SOMF/PS008538-40 - Memorandum to file from Peter Starn regarding Hilton Waikoloa and effect upon by dissolution and sale of the property.

88. SOMF/PS008549 - Faxed cover letter from Thomas Liu to Peter Starn requesting discussion about Hilton Waikoloa.

89. SOMF/PS008557-58 - Letter from Sharon Lovejoy to Howard Kam regarding proposed amended and restated limited partnership agreement of Pan Global Partners for his advice related to tax matters.

90. SOMF/PS008620, 8622-27 - Pan Global Partners Hilton Waikoloa Hotel Legal/Research/Summary of Key Documents, handwritten note regarding consent for golf play, Summary of Golf Play Agreements.

91. SOMF/PS008628 - Transcript of voice mail message to Peter Starn from Lane Hornfeck regarding PGP-Hotel Sale, Parking License Agreement and Golf Play Agreement, Consents to Assignment.

92. SOMF/PS008629 - Memo to file and Peter Starn from Lane

Hornfeck regarding PGP Hotel Sale Issues.

93. SOMF/PS008630 - Golf Play Agreement Lot 3, 8/21/86 Flow Chart.

94. SOMF/PS008632-35 - Summary of Parking Licenses, Assignments and Agreements.

95. SOMF/PS008636 - Transcript of voice mail message to Peter Starn and Duane R. Fisher from Lane C. Hornfeck re interpretation of Parking License Agreement provisions, and additional follow-up message re Golf Play Agreement.

96. SOMF/PS008637 - Memorandum to Peter Starn from Lane Hornfeck re PGP Hotel Sale Issues and legal analysis.

97. SOMF/PS008638 - Parking License Lot 3, 8/21/86 Flow Chart re legal interpretation of certain provisions of agreement.

98. SOMF/PS008639-42 - Summary of legal interpretation of Parking Licenses, Assignments and Agreements for Pan Global Partners re Hilton Waikoloa Hotel.

99. SOMF/PS008644 - Memorandum to Peter Starn from Lane Hornfeck re PGP Hotel Sale Issues (identical to SOMF/PS008637).

100. SOMF/PS008645-46 - Declaration of Protective Covenants, Conditions and Restrictions for Waikoloa Beach Resort, 4/1/80 Flow Chart.

101. SOMF/PS008647-54 - Declaration of Protective Covenants, Conditions and Restrictions for Waikoloa Beach Resort Conference Summary (Draft).

102. SOMF/PS008654-65 - Declaration of Protective Covenants, Conditions and Restrictions for Waikoloa Beach Resort Summary (Draft).

103. SOMF/PS008667-80 - Summary of Ground Lease.

104. SOMF/PS008682-86 - Management Agreement Summary Hilton Waikoloa Village.

105. SOMF/PS008688-99 - Summary of Deeds, Easements and Permits.

106. SOMF/PS008701-03 - Memo to file and Peter Starn from Lane Hornfeck regarding PGP Hotel Sale Issues.

107. SOMF/PS008704-05 - E-mail from Lane Hornfeck to Duane Fisher containing legal analysis re Consent requirements for agreements.

108. SOMF/PS008707-12 - Memorandum from Duane Fisher to PGP Hotel Sale File regarding legal analysis of ability to develop timeshare units, with attachments.

109. SOMF/PS008733-36 - Memorandum from Kenneth B. Marcus to Peter Starn regarding Sale of Hilton Waikoloa Village and analysis of partnership agreement and management agreement.

110. SOMF/PS008799-8800 - Memorandum from Duane Fisher to PGP Hotel Sale File regarding Ceded Lands and analysis of property demised under ground lease.

111. SOMF/PS008801 - Memorandum to Kenneth B. Marcus and Sharon V. Lovejoy from Peter Starn regarding July 3, 2001 Meeting with Mike Pietsch and John Jubinsky regarding title

24

insurance.

112. SOMF/PS008802-04 - Draft letter to John Jubinsky, Esq. from Kenneth Marcus Regarding Hilton Waikoloa Village and title insurance for prospective purchaser.

113. SOMF/PS008805 - Memorandum from Peter Starn to PGP Hotel Sale File regarding July 3, 2001 Meeting with John Jubinsky and Mike Pietsch: Additional Items Not Covered in PS' E-mail to Thomas Liu.

114. SOMF/PS008806-07 - E-mail from Peter Starn to Thomas Liu regarding ceded lands issues and title insurance.

115. SOMF/PS008808-11 - Legal memorandum from Lane Hornfeck to Duane R. Fisher regarding Fairway endorsement on title insurance policy for leasehold interest.

116. SOMF/PS008820-21 - Hand-written notes regarding meeting with John Jubinsky at TG on 7/17/07, and meeting with Jim Thompson regarding ceded lands.

117. SOMF/PS008333 - Table of Contents for Pan Global Partners - Hotel Sale DRF Working File.

Further, the Clerk's Office is instructed to file all of the documents submitted for the Court's *in camera* review under seal in this matter.

**IT IS SO ORDERED.**

DATED AT HONOLULU, HAWAII, July 7, 2008.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**STARN O'TOOLE MARCUS & FISHER, ET AL. V. USA; CV 06-00572 JMS-LEK; ORDER RE IN CAMERA REVIEW OF DOCUMENTS**