IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STARN O'TOOLE MARCUS & FISHER, ET AL., | ) ) ) | CIVIL NO. 06-00572 JMS-LEK |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| THE UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

**ORDER DENYING PETITIONERS' MOTION FOR RECONSIDERATION AND/OR CLARIFICATION OF: (1) ORDER RE IN CAMERA REVIEW OF DOCUMENTS FILED JULY 7, 2008 AND (2) FURTHER ORDER RE IN CAMERA REVIEW OF DOCUMENTS FILED JULY 11, 2008, FILED AUGUST 21, 2008**

On July 7, 2008, this Court issued its Order Re In Camera Review of Documents and, on July 11, 2008, this Court issued its Further Order Re In Camera Review of Documents (collectively "Orders").  Petitioners Starn O'Toole Marcus & Fisher and Peter Starn (collectively "Petitioners") filed the instant Motion for Reconsideration and/or Clarification of the Orders ("Motion") on August 21, 2008.  Respondent United States of America ("the Government") filed its Response on September 2, 2008.  Petitioners filed their Reply on September 10, 2008.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").

After careful consideration of the parties' submissions

and pertinent case law, in camera inspection of the documents submitted, and for the reasons provided below, this Court HEREBY DENIES Petitioners' Motion.

## **DISCUSSION**

The disposition of a motion for reconsideration is within the discretion of the district court and will not be reversed absent an abuse of discretion.  See Uhm v. Humana Inc., 540 F.3d 980, 983 (9th Cir. 2008).  There is a "compelling interest in the finality of judgments which should not lightly be disregarded."  Rodgers v. Watt, 722 F.2d 456, 459 (9th Cir. 1983) (en banc) (citing Matton Steamboat Co. v. Murphy, 319 U.S. 412, 415 (1943) (per curiam)) (some citations omitted).

It is well settled in the Ninth Circuit that a successful motion for reconsideration must accomplish two goals.  "First, it must demonstrate some reason why the court should reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citations omitted).  Courts have established only three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct a clear error in law or fact or prevent manifest injustice.  See id. (citing

2

Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998)) (some citations omitted).  The District of Hawaii has implemented these standards in Local Rule 60.1.

      Mere disagreement with a previous order is not sufficient grounds for reconsideration.  See id.  Furthermore, reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision.  See Hawaii Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)) (some citations omitted).

      Petitioners have not demonstrated reasons why the court should reconsider its prior decision.  As the Government points out, the Court's analysis of the work product doctrine has been mooted by Petitioners' removal of their assertion of the work product doctrine.  [Response at 2.]  In other words, Petitioners do not claim the work product doctrine as a basis for shielding documents and their content from the subpoena.  To the extent that the Court needlessly included an analysis of the work product doctrine in the Orders, those portions of the Orders are hereby STRICKEN.

      As to the Court's description of the documents reviewed in camera, Petitioner's request that these descriptions be redacted is without basis.  The descriptions given consisted of

non-privileged information and were required in order to give context and appropriate direction to the parties regarding production.  Petitioners have failed to demonstrate the requisite good cause necessary to seal the Orders.  See Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006).

Further, the Court is not persuaded by Petitioners' argument regarding some sort of implied waiver of the attorney-client because of the Court's in camera inspection and rulings.  Nor does the Court find merit in Petitioners' argument that contact information is privileged.  Petitioners fail to point to a change in law, new evidence, or manifest error of law.  Instead, the Motion rehashes Petitioners' prior arguments.  For the same reasons set forth in the Orders, Petitioners' arguments fail to convince once again.

## CONCLUSION

On the basis of the foregoing, Petitioners' August 21, 2008 Motion for Reconsideration and/or Clarification of: (1) Order Re In Camera Review of Documents Filed July 7, 2008 and (2) Further Order Re In Camera Review of Documents Filed July 11, 2008, is HEREBY DENIED, and the documents are to be produced by no later than **March 27, 2009, 12:00 noon, Hawaii Standard Time**.

IT IS SO ORDERED.

4

DATED AT HONOLULU, HAWAII, March 6, 2009.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**STARN O'TOOLE MARCUS & FISHER, ET A. V. UNITED STATES OF AMERICA;
CIVIL NO. 06-00572 JMS-LEK; ORDER DENYING PETITIONERS' MOTION FOR
RECONSIDERATION AND/OR CLARIFICATION OF: (1) ORDER RE IN CAMERA
REVIEW OF DOCUMENTS FILED JULY 7, 2008 AND (2) FURTHER ORDER RE
IN CAMERA REVIEW OF DOCUMENTS FILED JULY 11, 2008, FILED
AUGUST 21, 2008**